UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN EL-LEWIS SHABAZZ,

        Petitioner,                          Civil No. 03-10277
                                                        Criminal No. 00-20068
v.                                                          Honorable David M. Lawson

THE UNITED STATES OF AMERICA,

        Respondent.
_____/

**OPINION AND ORDER OVERRULING OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, ADOPTING
RECOMMENDATION, AND DENYING MOTION TO VACATE SENTENCE**

The petitioner, John El-Lewis Shabazz, was convicted of violating the Controlled Substances Act and sentenced to 65 months in prison. He filed a motion under 28 U.S.C. § 2255 to vacate his sentence, which the Court referred to Magistrate Judge Charles E. Binder for a report and recommendation. Judge Binder filed a report recommending that the motion be denied, and the petitioner filed timely objections. The Court has conducted a *de novo* review of the matter and concludes that the petitioner's objections lack merit, the magistrate judge correctly decided the issues (save one), and the petition should be denied for the reasons set forth in the report and for additional reasons set forth below.

I.

The petitioner's motion to vacate sentence was filed *pro se*. The petitioner pleaded guilty on October 24, 2001 to count two of a two-count superseding indictment charging possession of fifty grams or more of crack cocaine with intent to distribute. On February 1, 2002, the petitioner was sentenced to a prison term of 125 months to be followed by eight years of supervised release. He did not file a direct appeal of his conviction or sentence at that time. The petitioner's sentence was

subsequently reduced on November 8, 2002 to 65 months imprisonment and eight years of supervised release based on the government's Rule 35 motion for reduction of sentence. On November 19, 2002, the petitioner appealed the amended judgment to the Sixth Circuit. The appeal was voluntarily dismissed on July 14, 2003.

The petitioner filed the present motion to vacate sentence on November 6, 2003. He argues that his attorney was ineffective in failing to file a motion to suppress, failing to object to the presentence investigation report, failing to file an appeal after the entry of the first judgment, and failing to argue for a greater reduction at the Rule 35 hearing. Magistrate Judge Binder filed a report in which he recommended that the motion be denied because the petitioner's claims are barred by the statute of limitations.

The magistrate judge concluded that the petitioner's motion is barred by the one-year statute of limitations applicable under the Antiterrorism and Effective Death Penalty Act (AEDPA). The magistrate judge marked the time with respect to all of the petitioner's claims from the date of the first judgment of sentence. The magistrate judge found that the amended judgment filed November 8, 2002 did not change the outcome. He cited *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001), in which the Fourth Circuit held that "Congress did not intend for Fed. R. Crim. P. 35(b) motions to prevent convictions from becoming final for § 2255 purposes."

The magistrate judge further noted that the petitioner's ineffective assistance claims would fail on the merits as well. First, the argument that the petitioner's attorney was ineffective in failing to file a motion to suppress was precluded by the guilty plea under the rule in *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (holding that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise

independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea"). Second, the petitioner's attorney succeeded in obtaining a significant sentence reduction for the petitioner, from 125 months to 65 months, which, the magistrate judge believed, was such successful advocacy that the petitioner could not prove ineffective assistance under the standard in *Strickland v. Washington*, 466 U.S. 668 (1984).

The petitioner objected to the recommendation and report on the grounds that the magistrate judge allegedly failed to consider the arguments in his reply brief before issuing his report; the statute of limitations did not expire until November 19, 2003 because of the appeal he filed on November 19, 2002; he did not discover his attorney's defective performance until after the hearing on the Rule 35 motion so the statute of limitations did not commence until then under 28 U.S.C. § 2255, ¶ 6(4) (stating that the limitations period does not start running until "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence"); and the petitioner's attorney was ineffective by failing to file a motion to suppress before he pleaded guilty.

## II.

A federal prisoner claiming to be in custody in violation of the Constitution or laws of the United States may seek relief by filing a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Section 2255 provides a one-year statute of limitations, which is measured from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 para. 6. The magistrate judge concluded that all of the petitioner's claims are barred by the statute of limitations.

A federal criminal judgment that is not appealed becomes final for the purpose of section 2255 ten days after it is entered, that is, when the time for filing a direct appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 427-28 (6th Cir. 2004). The petitioner was sentenced on February 2, 2002, and the judgment was entered on February 8, 2002. He did not appeal the entry of this judgment. His conviction became final on February 18, 2002. *See Sanchez-Castellano*, 358 F.3d at 425 n.2. The limitations period, then, expired one year later, on February 18, 2003. The petitioner did not file his section 2255 motion in this Court until November 6, 2003.

As noted by the magistrate judge, the Fourth Circuit held in *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001), that a Rule 35 resentencing does not prevent the initial conviction from becoming final under § 2255. An unpublished Sixth Circuit case, citing *Sanders*, has also held that "[w]hen a federal prisoner is resentenced following a Rule 35(b) motion by the government, the statute of limitations does not start from the date of the resentencing judgment. *See United States v. Sanders*, 247 F.3d 139, 142-44 (4th Cir. 2001). Under 18 U.S.C. § 3582(b), the defendant's original judgment of conviction remains the final judgment even if his sentence has been modified or reduced as the result of the government filing a Rule 35 motion." *Reichert v. United States*, 101 Fed. Appx. 13 (6th Cir. 2004) (unpublished). Therefore, any arguments related to the petitioner's guilty plea and the entry of the first judgment are barred, including the petitioner's claims that his

attorney was ineffective in failing to file a motion to suppress, failing to object to the presentence investigation report, and failing to file an appeal.

The petitioner claims that the limitations period did not begin running until November 19, 2002, which is the date on which he filed his appeal of the entry of the amended judgment, because that is "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(4). However, the petitioner has not explained what facts he became aware of on that date that he did not know or could not have known before the expiration of the limitations period on February 18, 2003. The petitioner knew or should have known at the time of his first sentencing that his attorney had not filed a motion to suppress and had not objected to the presentence investigation report. He further knew or should have known that his attorney had not filed an appeal before the expiration of the limitations period on February 18, 2003. In fact, the petitioner admits in his brief that he learned of his attorney's failure to file the appeal "only several weeks" after his first sentencing, which occurred on February 2, 2002. Pet'r Br. at 23. He provides no explanation for his failure to take action at that time. The petitioner's claims related to his guilty plea and first sentencing are barred by the statute of limitations.

The magistrate judge concluded that all of the petitioner's claims were barred by the statute of limitations. However, the petitioner also argues that his attorney was ineffective in failing to argue for a more significant reduction in his sentence at his Rule 35 hearing. That hearing took place on November 6, 2002. The defendant's motion to vacate was filed on November 6, 2003, and therefore this claim is timely, as the government has acknowledged.

However, to show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotes omitted).

An attorney's deficient performance is prejudicial if the defendant can show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

The petitioner argues that his attorney was ineffective in failing to argue for a greater sentence reduction at his Rule 35 hearing. "[W]hen the trial judge also hears the collateral proceedings . . . that judge may rely on his recollections of the trial in ruling on the collateral attack." *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977)). "A motion for reduction of sentence, filed pursuant to Fed. R. Crim. P.

35(b), is addressed to the sound discretion of the trial court. . . . A motion under Rule 35(b) is 'essentially a plea for leniency and presupposes a valid conviction.'" *United States v. Sandborn*, 738 F. Supp. 231, 232 (W.D. Mich. 1990) (quoting *United States v. Colvin,* 644 F.2d 703, 705 (8th Cir.1981)). The reduction in sentence granted by the Court in this case, from 125 months imprisonment to 65 months, was just and generous. The petitioner can show no prejudice from the alleged failures of his attorney. A court need not analyze the performance element if the petitioner fails to show prejudice. *See Baze v. Parker*, 371 F.3d 310, 321 (6th Cir. 2004). Because the petitioner cannot show that he was prejudiced by his attorney's allegedly ineffective assistance at the Rule 35 hearing, the petitioner is not entitled to relief on this claim.

III.

The Court finds that the petitioner's objections to Magistrate Judge Binder's report and recommendation lack merit. All but one of the petitioner's claims were filed out of time, and the remaining claim lacks merit.

Accordingly, it is **ORDERED** that the petitioner's objections to the magistrate judge's report and recommendation [dkt # 68] are **OVERRULED**.

It is further **ORDERED** that the report and recommendation [dkt # 67] is **ADOPTED IN PART**.

It is further **ORDERED** that the petitioner's motion to vacate his sentence [dkt # 58] is **DENIED**.

It is further **ORDERED** that the petitioner's motion for expeditious adjudication [dkt # 69] is **DENIED as moot**.

s/David M. Lawson  
DAVID M. LAWSON

United States District Judge

Dated: June 25, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 25, 2007.

s/Felicia M. Moses
FELICIA M. MOSES